UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



NEYOKII Q. EUBANKS,

      Plaintiff,                          Case No. 16-10379

v.                                   Honorable John Corbett O'Meara

TRICON SECURITY GROUP,

      Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S
## JANUARY 13, 2017 MOTION FOR SUMMARY JUDGMENT

This matter came before the court on defendant Tricon Security Group's January 13, 2017 motion for summary judgment. Plaintiff Neyokii Q. Eubanks filed a response February 24, 2017; and Defendant filed a reply brief March 22, 2017. Pursuant to Local Rule 7.1(f)(2), no oral argument was heard.

### BACKGROUND FACTS

Plaintiff Neyokii ("Nikki") Eubanks was employed by defendant Tricon Security Group for eight years. Tricon provides event security and on-call personnel for various events in Michigan and elsewhere.

Plaintiff was in a long-term, consensual relationship with her supervisor Antoine Willis. The two maintained the relationship for approximately six years, and they

resided together with Plaintiff's children. Plaintiff and Willis were regularly scheduled to work the same events, including the annual Electronic Forest Festival, a multi-day concert even in Rothbury, Michigan, each June.

On June 27, 2015, Plaintiff and Willis were again working at the event where, as usual, they shared a tent as their living space during off hours. Late that evening Plaintiff began celebrating her birthday with other co-workers while Willis was still working. There is no dispute that at approximately 3:00 a.m. on June 28, 2015, Willis returned to the tent area to find Plaintiff's belongings outside the tent of Donald Mitchell, who also worked at the event but for another employer. From all accounts, Willis became enraged and caused a scene in the tent area, cursing and yelling loudly. Defendant ordered Willis to leave the event and return home the following day. Plaintiff claims she was terminated following the incident because of Willis' jealousy, as she was never assigned to work a day afterward. Defendant contends that she was terminated because she failed to show up for work and failed to call in to work on June 28, 2015.

Plaintiff filed this suit alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964. Her state law claims were previously dismissed by the court.

## LAW AND ANALYSIS

In McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the United States Supreme Court established the order of proof and the allocation of burdens in employment discrimination cases in which a plaintiff has presented no direct evidence of discrimination. To prevail on her claim of sex discrimination, a plaintiff must first establish a *prima facie* case of discrimination. Id. at 802.

To support a *prima facie* case of sex discrimination, a plaintiff "must produce evidence which at a minimum establishes (1) that he [or she] was a member of a protected class and (2) that for the same or similar conduct he [or she] was treated differently than similarly-situated non-minority employees." Mitchell v. Toledo Hosp., 964 F.2d 577, 582-83 (6th Cir. 1992). In the employment context, a plaintiff's personal beliefs that her employer discriminated against her, even if genuinely held, are insufficient to establish a *prima facie* case of discrimination or to raise a genuine issue of material fact sufficient to preclude summary judgment. See Id. at 584.

If the plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. Texas Dep't of Comm. Affairs v. Burdine, 450 U.S. 248, 254 (1981). If the defendant articulates its legitimate, nondiscriminatory reason for the employment action, the burden shifts back to the plaintiff to show that the proffered reason is mere pretext to

mask discrimination. The defendant can meet its burden by articulating an honest belief that it had a valid, nondiscriminatory reason for what it did; and a plaintiff cannot establish pretext simply because the reason is ultimately shown to be incorrect. Majewski v. Automatic Data Processing, Inc., 274 F.3d 1106, 1117 (6th Cir. 2001). Instead, a plaintiff may show pretext by producing evidence that the proffered reason (1) had no basis in fact, (2) did not actually motivate the action, or (3) was insufficient to warrant the action. Woida v. Genesys Reg'l Med. Ctr., 4 F. Supp. 3d 880, 901 (E.D. Mich. 2014).

In this case plaintiff Eubanks' claim of sex discrimination is based solely on her belief that she was terminated because of Willis' jealousy. Eubanks dep. at 126; Compl. at ¶ 27 ("After Willis suspected Plaintiff of cheating on him with Mitchell, Willis discriminated against Plaintiff by taking her off the schedule, effectively terminating her employment with Tricon, solely because of his belief that she was in a sexual relationship with Mitchell.").

Plaintiff's allegations, even if true, however, fail to establish evidence of discriminatory conduct based on her sex. Federal courts "have consistently held that sex-based discrimination prohibited in Title VII refers to the conduct of requiring an employee to submit to sexually-based harassment as a condition of employment or discrimination based on gender, not discrimination based on sexual affiliations or

4

relationships." Barrett v. Kirtland Comty. Coll., 245 Mich. App. 306, 321 (2000). The United States Court of Appeals for the Sixth Circuit has held that personal animus, including jealousy, "cannot be the basis of a discrimination claim under federal law . . . ." Blackshear v. Interstate Brands Corp., 495 Fed. Appx. 613 (6th Cir. 2012)(citing Barnett v. Department of Veterans Affairs, 153 F.3d 338, 343 (6th Cir. 1998).

Even if Eubanks could establish a *prima facie* case of discrimination, defendant Tricon has articulated a legitimate, nondiscriminatory reason for her termination–her failure to report to work or to call in ("no show/no call" or "NSNC") on June 28[1], 2015, the day following the incident in the tent area. Tricon also asserts that in addition to the NSNC of June 28, Plaintiff's employment situation was further compounded when Eubanks subsequently attempted to get paid for that day's work (June 28) in messages she submitted to Tricon on July 14, 2015. Def.'s Ex. 8.

In an effort to establish that Tricon's proffered reason for termination is mere pretext to mask discrimination, plaintiff Eubanks challenges the factual basis underlying her termination. She claims that Andy Bernardi, another Tricon

---

[1] Plaintiff Eubanks makes much of the fact that Tricon initially reported that her NSNC was June 29, 2015, asserting that Tricon has changed its story regarding her termination. It is clear from the record, however, that Tricon's use of "June 29" was a typographical error. The day in question was June 28.

supervisor, told her not to report to work June 28, presumably because of the tent incident that had occurred early that morning. To the extent that Plaintiff attempts to demonstrate that Tricon's proffered reason has no basis in fact, "it is well settled that 'as long as an employer has an honest belief in its proffered nondiscriminatory reason,' the employee cannot establish pretext simply because the reason is ultimately shown to be incorrect." Woida, 4 F. Supp. 3d at 901. Plaintiff "'must allege more than a dispute over the facts upon which [her] discharge is based. [She] must put forth evidence which demonstrates that the employer did not 'honestly believe' in the proffered non-discriminatory reason for its adverse employment action.'" Id. at 901-02. This plaintiff Eubanks has failed to do.

In addition, Eubanks cannot establish pretext by attempting to establish that Tricon's proffered reason was insufficient to warrant discharge. "To do so, a plaintiff must produce evidence that other individuals, particularly individuals not in the protected class, were not treated the same way, even though they engaged in substantially identical conduct to that which the employer contends motivated its discharge of the plaintiff." Id. at 902. In this case Eubanks argues that many other Tricon employees who were NSNC were not terminated. However, she has failed to provide the name of even one such employee. Tricon, on the other hand, has

presented evidence of other employees who, like Plaintiff, were terminated for violating the company's NSNC policy. White dep. at 39-40; Def.'s Ex. 6 and 8.

Therefore, the court finds that plaintiff Eubanks has failed to establish a *prima facie* case of sex discrimination; and that even if she had presented such a case, she has failed to show that Tricon's legitimate, nondiscriminatory reason for her termination was mere pretext to mask sex discrimination. Accordingly, defendant Tricon is entitled to summary judgment.

## ORDER

It is hereby **ORDERED** that defendant Tricon Security Group's January 13, 2017 motion for summary judgment **GRANTED.**

John Corbett O'Meara
United States District Judge

Dated: April 4, 2017